# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME FOSSELMAN, CDCR #H-66012,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>JAMES TILTON, Secretary, Cal. Dept. of Corrections and Rehabilitation; VICTOR M. ALMAGER, Warden; CANDIE COOK, Medical Appeals Coordinator; Dr. CUMMINGS, Dentist,<br><br>　　　　　　　　　　　Defendants. | Civil No.   07-1676 IEG (WMc)<br><br>**ORDER:**<br><br>**(1) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [Doc. No. 18];**<br><br>**(2) GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO DEFENDANTS' MOTION TO DISMISS [Doc. No. 20];**<br><br>**AND**<br><br>**(3) VACATING HEARING DATE AND SUBMITTING DEFENDANTS' MOTION TO DISMISS COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6) FOR DECISION WITHOUT ORAL ARGUMENT PURSUANT TO S.D. CAL. CIVLR 7.1.d.1** |

Jerome Fosselman ("Plaintiff"), a prisoner currently incarcerated at Centinela State Prison in Imperial, California, and proceeding pro se, has been granted leave to proceed *in forma pauperis* ("IFP") in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On March 17, 2008, Defendants filed a Motion to Dismiss Plaintiff's Complaint pursuant to FED.R.CIV.P. 12(b)(6) [Doc. No. 16]. That Motion was set for hearing before this Court on May 5, 2008.[1] Plaintiff has since filed both a Motion for Appointment of Counsel [Doc. No. 18], as well as a Motion for Extension of Time to File an Opposition to Defendants' Motion to Dismiss [Doc. No. 20].

# I.

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff requests appointment of counsel because his "intellectual functioning is in the borderline range, and although he is not mentally retarded, his cognitive skills are generally deficient." *See* Pl.'s Mot. [Doc. No. 18] at 3. Plaintiff claims to have limited access to the law library, and while he has been helped by fellow inmates in the past, "[w]ithout the honorable court's intervention ... he will be left on his own." *Id.*

"There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *see also Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525. "A finding of the exceptional circumstances of the plaintiff seeking assistance

---

[1] While this case was automatically referred to the Honorable Magistrate Judge William McCurine, Jr. pursuant to S.D.CAL. CIVLR 72.3, Plaintiff has not consented to magistrate judge jurisdiction. *See* Compl. [Doc. No. 1] at 19. However, the Court finds that a Report and Recommendation regarding Defendants' Motion to Dismiss is not necessary. *See* S.D. CAL. CIVLR 72.3.e (noting that when a party fails to consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1), the assigned magistrate judge shall "conduct all necessary hearings and submit proposed findings of facts and recommendations for the disposition of all motions excepted from the magistrate judge's jurisdiction by 28 U.S.C. § 636(b)(1)(A), *unless the district judge orders otherwise*." (emphasis added)).

1  requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an
2  evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal
3  issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328,
4  1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

5        The Court agrees that any pro se litigant "would be better served with the assistance of
6  counsel." *Rand*, 113 F.3d at 1525 (citing *Wilborn*, 789 F.2d at 1331). However, so long as a pro
7  se litigant, like Plaintiff in this case, is able to "articulate his claims against the relative
8  complexity of the matter," the "exceptional circumstances" which might *require* the appointment
9  of counsel do not exist. *Id.* (finding no abuse of discretion under 28 U.S.C. § 1915(e) when
10 district court denied appointment of counsel despite fact that pro se prisoner "may well have
11 fared better-particularly in the realms of discovery and the securing of expert testimony.").

12       The Court finds that Plaintiff's Complaint involves relatively straightforward Eighth
13 Amendment claims related to his dental care and demonstrates his ability to articulate the facts
14 supporting his claims. Therefore, neither the interests of justice nor exceptional circumstances
15 warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir.
16 1987); *Terrell*, 935 F.2d at 1017. For these reasons, the Court finds Plaintiff's Motion for
17 Appointment of Counsel must be denied.

## II.

### MOTION FOR EXTENSION OF TIME

20       Plaintiff's also requests an extension of time in which to file an Opposition to Defendants'
21 Motion to Dismiss because he is a pro se litigant with a learning deficiency who is "only allowed
22 law library access for two hours a week" and "[f]our hours with an established court deadline."
23 *See* Pl.'s Mot. [Doc. No. 20] at 2.

24       This is Plaintiff's first request for an extension of time, and his request is timely.
25 Moreover, because the Court has found no exceptional circumstances support appointment of
26 counsel in this matter, he is still proceeding in pro se. *See Balistreri v. Pacifica Police Dep't*,
27 901 F.2d 696, 699 (9th Cir. 1990) (court has a "duty to ensure that pro se litigants do not lose
28 their right to a hearing on the merits of their claim due to ... technical procedural requirements.").

1 Thus, the Court finds good cause to grant Plaintiff's request. "'Strict time limits ... ought not to be insisted upon' where restraints resulting from a pro se prisoner plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967); *see also Bennett v. King*, 205 F.3d 1188, 1189 (9th Cir. 2000) (reversing district court's dismissal of prisoner's amended pro se complaint as untimely where mere 30-day delay was result of prison-wide lockdown).

### III.

#### CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby:

1) **DENIES** without prejudice Plaintiff's Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1) [Doc. No. 18]; and

2) **GRANTS** Plaintiff's Motion for Extension of Time to File an Opposition to Defendants' Motion to Dismiss [Doc. No. 20]. Plaintiff shall have until **Monday, June 9, 2008,** to file his Opposition, and Defendants shall have until **Monday, June 16, 2008**, to file a Reply.

**IT IS FURTHERED ORDERED** that the date of **Monday, May 5, 2008**, previously set for hearing of Defendants' Motion to Dismiss [Doc. No. 16], is hereby **VACATED**. Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to FED.R.CIV.P. 12(b)(6) shall be considered submitted as of **Monday June 23, 2008**, and the Court shall enter a decision on the papers at that time without holding any oral argument. *See* S.D. CAL. CIVLR 7.1.d.1.

**DATED: April 10, 2008**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**