# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME FOSSELMAN,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>JAMES TILTON, et al.,<br><br>　　　　　　　Defendant. | CASE NO. 07cv1676-IEG (WMc)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1)<br><br>[Doc. No. 34] |

　　　　Plaintiff, proceeding pro se and in forma pauperis ("IFP") with a civil rights Complaint [Doc. No. 1] filed pursuant to 42 U.S.C. § 1983, and currently incarcerated at Folsom State Prison, has submitted a motion in which he requests that the Court appoint counsel for him pursuant to 28 U.S.C. § 1915(e)(1) [Doc. No. 34].

　　　　"[T]here is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." Mallard v. United States District Court, 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995).

　　　　Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Burns v.

1  County of King, 883 F.2d 819, 823 (9th Cir. 1989).  "A finding of exceptional
2  circumstances requires an evaluation of both the 'likelihood of success on the merits and
3  the ability of the plaintiff to articulate his claims pro se in light of the complexity of the
4  legal issues involved.' Neither of these issues is dispositive and both must be viewed
5  together before reaching a decision.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328,
6  1331 (9th Cir. 1986)).

7      Here, it appears that Plaintiff has a sufficient grasp of his case, the legal issues
8  involved, and is able to adequately articulate the basis of his claims.  In fact, Plaintiff's pro
9  se pleading has survived the initial screening provisions of 28 U.S.C. §§ 1915(e)(2) and
10 1915A(b).

11 **Conclusion and Order**

12     Accordingly, under the circumstances of this case, the Court finds that Plaintiff has
13 failed to plead facts sufficient to show the "exceptional circumstances" required for
14 appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) and therefore **DENIES** without
15 prejudice Plaintiff's Motion for Appointment of Counsel pursuant to 28 U.S.C. §
16 1915(e)(1) [Doc. No. 34].

17     **IT IS SO ORDERED.**
18 **DATED: April 27, 2009**

_____
**Hon. William McCurine, Jr.**
**U.S. Magistrate Judge**
**United States District Court**